IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID MICHAEL BURKETTE      )
                            )
       Plaintiff,           )
vs.                         ) CIVIL ACTION NO. 2:07cv1121-TFM
                            )
MONTGOMERY COUNTY BOARD     )
OF EDUCATION, and,          ) JURY DEMAND
LEWIS E. WASHINGTON, JR.    )
       Defendants.          )

## COMPLAINT

NOW COMES the plaintiff, **David Michael Burkette** and makes the following Complaint.

## INTRODUCTION

This is an action brought by the plaintiff against the defendant for the discriminatory practices, which have denied him equal employment opportunities and a work environment free from discrimination based on his race. The plaintiff seeks to recover damages, secure equitable and other relief, and to redress the deprivation of rights and privileges of a citizen of the United States.

## PARTIES

1. Plaintiff is Black, over the age of nineteen (19) years, and is a resident of Montgomery, Alabama. Plaintiff is employed as a teacher with the Montgomery County Board of Education (Board). He is assigned to Sidney Lanier High School,

2. Defendant Board is an agency of the State of Alabama; its business office is located in Montgomery County Alabama.

3.  Defendant Lewis E Washington, Jr.,(Washington) serves as supervisor of high school principals. During the time of the incident that is the subject of this complaint, he served as principal at Sidney Lanier High School and supervised the Plaintiff.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States and pursuant to 28 U.S.C. § 1343, in that the action seeks to redress the deprivations of rights and privileges of a citizen of the United States under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 USCA § 2000(e), *et seq.*, 42 USCA § 1983.

5.  Venue is proper in that the claims arose in Montgomery, Alabama, which is located in this judicial district; the Defendant Board does business and a all of the events or omissions giving rise to the Plaintiff's claims occurred in Montgomery, Alabama. Washington resides in Elmore County, Alabama.

6.  The Plaintiff has met all prerequisites for bringing this action. All conditions precedent to jurisdiction under 42 USCA § 2000e-5(f)(3) have occurred or been complied with, to wit: A charge of employment discrimination was filed with the Equal Employment Opportunity Commission (EEOC) within 180 days of the commission of the unfair employment practice. The charge alleges racial discriminatory treatment, which eventually led to suspension;, the EEOC signed a notice of dismissal on September 24, 2007, and sent plaintiff a Notice of Right To Sue, which the plaintiff received September 26, and 2007.; this complaint has been filed within 90 days of receipt of the Notification of Right to Sue.

7.  The plaintiff was hired by the Board in August 1990; he continues

this employment.

8.   Prior to July 2006, the Plaintiff had been hired as an assistant coach at Sidney Lanier. In June 2006, a new coach was hired at Sidney Lanier. In July 2006, the Plaintiff applied for a coaching position with the Board at Sidney Lanier. Despite his experience and wining record; he was told that there were no more positions open because all positions had been filled.

9.   In August or September 2006, the Defendant hired a white male at Sidney Lanier. Prior to this white male being hired, and after the Plaintiff had applied for the position, Lewis Washington, Jr., told this white male that he needed a white coach at Sidney Lanier and that a position for a white was open at Sidney Lanier.

10.  Also, in June 2006, a position for athletic director became vacant. Plaintiff applied for that position but was not selected by Washington and the Board. Prior to decision not to hire the Plaintiff as the athletic director at Sidney Lanier, Defendant Washington had instructed the screening and recommending committee not to consider Plaintiff as a candidate for the position because Plaintiff had filed prior lawsuits against the Board. When one of the members of that committee informed Washington that she would not participate if she could not recommend the most qualified person who was the Plaintiff, Washington told her that she was no longer needed on the committee and that he would replace her with someone else, which he did.

11.  The Plaintiff was denied a position because of his race and because he had filed discrimination charges against the Board.

## RACIAL DISCRIMINATION AND RETALIATION

12   The plaintiff adopts Paragraphs 1 through 11, above, as if set out in full herein.

3

13.  Defendants discriminated against Plaintiff on the basis of his race ("Black") when they falsely stated that all the positions were filled and then later hired a white male.

14.  Defendant Board discriminated against Plaintiff when it did nothing to cease the discrimination against Plaintiff.

15.  Defendant Washington's discriminatory and retaliatory conduct proximately caused the Plaintiff to suffer loss of income, humiliation, embarrassment, and mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a)  Judgment that the Defendants violated his federal constitutional rights in discriminating and retaliating against him;

(b)  That Plaintiff be awarded back pay as well as compensation for all lost benefits and other rights to which the Plaintiff would have been entitled, except for Defendant's' discriminatory and retaliatory acts.

(c)  That Defendants be enjoined from further violations or discriminatory activity against Plaintiff; That Plaintiff be awarded damages, both compensatory and punitive; and that he be awarded cost.; that he be awarded such other further relief to which he may be entitled.;

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff pray for relief as follows :

(a) Enter Judgment that the defendant has violated his federal constitutional rights in discriminating and retaliating against them;

(b) Award Plaintiff costs, including reasonable attorney's fees;

4

(c) Award Plaintiff damages, both compensatory and punitive, under the laws of the State of Alabama and the United States of America; and

(d) Award Plaintiff such other and further relief, which this Court deems appropriate under the circumstances.

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*/s/ David Burkette*
DAVID MICHAEL BURKETTE

P.O. Box 9257
Montgomery, Alabama 36108
(334) 230-9492
E-mail: coachdburkette@yahoo.com

**Defendants can be served at 307 South Decatur Street, Montgomery, Alabama. 36104**

5

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602002367
Cashier ID: brobinso
Transaction Date: 12/26/2007
Payer Name: DAVID MICHAEL BURKETTE
----------------------------------------
CIVIL FILING FEE
 For: DAVID MICHAEL BURKETTE
 Case/Party: D-ALM-2-07-CV-001121-001
 Amount:        $350.00
----------------------------------------
CASH
 Amt Tendered: $350.00
----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

BURKETTE V. MONTGOMERY CO BOE ET AL
```