IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID M. BURKETTE,                          :

       Plaintiff,                              :

-vs-                                        :          Case No. 2:07cv1121-TFM

MONTGOMERY COUNTY BOARD                     :
OF EDUCATION AND
LEWIS E. WASHINGTON, JR.,                   :

       Defendants.                             :

# ANSWER TO PLAINTIFF'S COMPLAINT
## ON BEHALF OF DEFENDANTS
## MONTGOMERY COUNTY BOARD OF EDUCATION
## AND LEWIS WASHINGTON

COMES NOW the Defendants, Montgomery County Board of Education and Lewis Washington, by and through their counsel of record, and respond to the Plaintiff's *Complaint* as follows:

### FIRST DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SECOND DEFENSE

The Plaintiff's *Complaint* fails to state a claim against Defendants upon which relief can be granted under 42 U.S.C. §2000(e) or 42 U.S.C. §1983.

### THIRD DEFENSE

All Plaintiff's claims, as alleged in his *Complaint*, which occurred more than one hundred and eighty (180) days prior to the filing of his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. § 2000(e).

### FOURTH DEFENSE

All of the Plaintiff's claims in his *Complaint* which were not set forth in his EEOC charge are barred as outside the scope of the charge.

## FIFTH DEFENSE

If Plaintiff proves that any decision regarding his employment was motivated in whole or in part by his race or in retaliation for any protected conduct, the Defendants will show that the same action would have been taken regardless of said unlawful intent.

## SIXTH DEFENSE

Plaintiff failed to adequately exhaust his administrative remedies.

## SEVENTH DEFENSE

Defendants did not retaliate against Plaintiff.

## EIGHTH DEFENSE

Defendant Lewis Washington is not an employer nor a proper Defendant for suit under 42 U.S.C. §2000(e).

## NINTH DEFENSE

Defendants did not discriminate against Plaintiff based upon his race.

## TENTH DEFENSE

Defendants state that any alleged adverse employment decisions with regard to the Plaintiff were based upon legitimate, non-discriminatory reasons unrelated to his race or his previous protected conduct.

## ELEVENTH DEFENSE

None of the decisions made by Defendants regarding Plaintiff's employment were based on Plaintiff's race or any protected conduct.

## TWELFTH DEFENSE

The Defendants' interest in the orderly administration of the Montgomery Public Schools outweighs any alleged interest or entitlement of Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff does not have a right to be promoted or assigned to a coveted position by the Defendant.

FOURTEENTH DEFENSE

There is no cause or connection between any allegedly unlawful conduct and any mental anguish or emotional distress suffered by Plaintiff.

FIFTEENTH DEFENSE

Plaintiff fails to properly state a cause of action pursuant to 42 U.S.C. §1983, but to the extent a claim is acknowledged, Washington should be granted qualified immunity.

SIXTEENTH DEFENSE

Plaintiff has failed to plead custom, practice or policy necessary to maintain a §1983 claim.

SEVENTEENTH DEFENSE

The Board cannot be held liable to Plaintiff for any alleged 42 U.S.C. §1983 based on a theory of *respondeat superior*.

EIGHTEENTH DEFENSE

An excessive award of damages for emotional distress (whether so labeled or whether referred to by any similar phrase describing non-economic, compensatory damages) in this action would violate the due process and equal protection rights of the defendant pursuant to Amendment XIV of the Constitution of the United States. Alabama's laws regarding emotional distress damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to effectuate their purpose. Said laws do not provide Defendants with sufficient notice of the amount of such damages that might be awarded in a particular case. Instructions given to jurors regarding such damages provide no meaningful limitation on the amount of damages that may be awarded and no constraint on the jury's award. Appellate review pursuant to Alabama law is not sufficient to correct the lack of due process and equal protection inherent in the lack of meaningful constraint on and instructions to the jury at the trial.

NINETEENTH DEFENSE

Plaintiff's claims, if any, for the recovery of punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Clause of Article I, Section 10 of the United States Constitution; (c) the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; (d) the Due Process Clause of the Fourteenth Amendment to the

United States Constitution; (e) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (f) the federal constitutional prohibition against vague and over broad laws; (g) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 22 of the Alabama Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution, on the following separate and several grounds:

1. The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

2. The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

3. The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

4. The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

5. The procedures permit multiple awards of punitive damages for the same alleged act.

6. The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

7. The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

8. The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

9. The procedures fail to provide means for assessment of apportionment of punitive damages separately and severally against alleged joint tortfeasors.

## TWENTIETH DEFENSE

For response to each numbered paragraph of the Plaintiff's *Complaint*, Defendants aver as follows:

## INTRODUCTION

Defendants deny the allegations contained in the paragraph entitled "Introduction" in the Complaint and further deny that Plaintiff is entitled to the relief requested therein.

## PARTIES

1. Defendants admit the allegations as contained in paragraph 1 of the Plaintiff's

*Complaint.*

2.    Defendants admit the allegations as contained in paragraph 2 of the Plaintiff's *Complaint.*

3.    Defendants admit the allegations as contained in paragraph 3 of the Plaintiff's *Complaint*, but deny that Washington is a proper defendant in that Washington is not an employer pursuant to 42 U.S.C. §2000(e), *et seq.* and therefore is not subject to liability in this cause.

FACTS

4.    With regard to the allegations contained in paragraph 4 of the Plaintiff's *Complaint*, Defendants do not deny the jurisdiction of this Honorable Court to hear this *Complaint*, but deny that the Board has committed any act which would give rise to an action under 42 U.S.C. § 2000(e), *et seq.* or 42 U.S.C. §1983.

5.    With regard to the allegations contained in paragraph 5 of the Plaintiff's *Complaint*, Defendants admit that venue is proper in the United States District Court for the Middle District of Alabama, Northern Division, but deny any acts or omissions giving rise to any cause of action on behalf of Plaintiff.

6.    Defendants deny the allegations as contained in paragraph 6 of the Plaintiff's *Complaint.*

7.    Defendants admit the allegations as contained in paragraph 7 of the Plaintiff's *Complaint.*

8.    Defendants deny the allegations as contained in paragraph 8 of the Plaintiff's *Complaint.*

9.    Defendants deny the allegations as contained in paragraph 9 of the Plaintiff's *Complaint.*

10.    Defendants deny the allegations as contained in paragraph 10 of the Plaintiff's *Complaint.*

11.    Defendants deny the allegations as contained in paragraph 11 of the Plaintiff's *Complaint.*

RACIAL DISCRIMINATION AND RETALIATION

12.    Defendants hereby restate and adopt by reference as though set forth fully herein responses to paragraphs one through eleven of Plaintiff's *Complaint.*

13. Defendants deny the allegations as contained in paragraph 13 of the Plaintiff's *Complaint*.

14. Defendants deny the allegations as contained in paragraph 14 of the Plaintiff's *Complaint*.

15. Defendants deny the allegations as contained in paragraph 15 of the Plaintiff's *Complaint*.

<u>PRAYER FOR RELIEF</u>

Defendants deny that the Plaintiff is entitled to the relief requested in either paragraph entitled "Prayer for Relief" in his *Complaint*.

DATED THIS the 24th day of January, 2008.

MONTGOMERY COUNTY BOARD OF EDUCATION, Defendant,

By:   */S/*  James R. Seale
James R. Seale (3617-E-68J)
Elizabeth Brannen Carter (3272-C-38E)
Jayne Harrell Williams (6544-Y-85H)
HILL, HILL, CARTER,
    FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969 - fax
E-mail: jrs@hillhillcarter.com
E-mail: ecarter@hillhillcarter.com
E-mail: jhwilliams@hillhillcarter.com
Counsel for Defendants
wwm/6630.0109/f:Answer.wpd

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this date served a true and correct copy of the foregoing *Answer on Behalf of Defendants Montgomery County Board of Education and Lewis E. Washington* upon David Burkette, Post Office Box 9257, Montgomery, Alabama 36108 by placing same in the United States Mail, postage prepaid and properly addressed this the 24th day of January, 2008.

<u>/S/   James R. Seale</u>